## BACHELOR *v.* NELSON AND ANOTHER.

Where an order to take proofs was duly entered, but notice was not given within the thirty days required by rule 50, and the examination of a witness was objected to before the Master on that ground, his deposition was suppressed.

It is not a matter of course to allow a deed to be proved at the hearing, but a satisfactory excuse must be given for the failure to prove it before the Master.

The documentary evidence referred to in the 56th rule, has reference to documents which prove themselves. But to entitle a party to use such documentary evidence in any case, there must have been an order entered for taking proofs, to give the opposite party an opportunity of examining witnesses relative thereto, or of introducing countervailing proofs.

MOTION by defendants to suppress the testimony of one Whipple, a witness examined by complainant; and a cross motion by complainant for leave to prove the execution of a mortgage and deed, at the hearing.

*O. Hawkins*, for complainant.

*J. Allen*, for defendants.

THE CHANCELLOR. Defendants' motion must be granted. After a cause is at issue by filing a replication, either party may enter an order of course for taking proofs, and serve notice thereof on the opposite party, within thirty days. If neither party, within that time, enter the order and give notice thereof, the cause stands for hearing on bill, answer and replication. *Rule* 50. In the present case the order was duly entered, but notice thereof was not given within the thirty days, and the examination of the witness was objected to, on that ground, before the Master.

It is not a matter of course to allow a deed to be proved at the hearing. "Examinations at the hearing," says

VOL. I.          57

Chancellor Kent, "ought to be sparingly used, or they would tend very much to delay and embarrass business, by changing the whole practice of the Court, and giving it a *nisi prius* character." "In my opinion," says he, "no paper whatever ought to be proved at the hearing, without satisfactory reasons being assigned why it was not proved in the regular way, before the examiner." No excuse is shown why the mortgage and deed were not regularly proved, before a Master, except the solicitor's neglect to give notice of the order entered by him for taking proofs.

The 56th rule, which has been referred to, has no bearing on the question. It says, "Documentary evidence, which is neither made an exhibit before the commissioner, or set out, or distinctly referred to in the pleadings, shall not be read on the hearing, unless notice of the intention to use it at the hearing, is given to the adverse party, at least ten days before the expiration of the time allowed to produce proofs," &c. This part of the rule has reference to documents that prove themselves, and do not require to be proved by witnesses; as exemplifications of records, and the like; and provides that such documents, when *not* set out, or distinctly referred to in the pleadings, shall not be used on the hearing, without having been made an exhibit before the Master, or notice to the opposite party, as required by the rule. Such documents may be read as evidence at the hearing, as a matter of course, by the English practice, which the rule was intended to change, in regard to documents *not* set out, or distinctly referred to in the pleadings, by requiring them to be made exhibits, or notice to be given of the party's intention to use them at the hearing, to prevent surprise. *Pardee* v. *De Cala,* 7 *Paige R.* 132. But, to entitle a party to use such documentary evidence in any case, there must have been an order entered for taking proofs, to give the opposite party

Bachelor *v.* Nelson.

an opportunity of examining witnesses relative thereto, or of introducing countervailing proofs. *Id.* 135; *Mills* v. *Pittman,* 1 *Paige R.* 490.

The concluding part of the 56th rule,—" and no deed or other writing shall be proved at the hearing, except on an order previously obtained, after due notice to the adverse party;"—has reference to deeds and other instruments to be proved at the hearing, and not to documents that prove themselves, to which the preceding part of the rule is alone applicable.

Whipple's testimony must be suppressed, and leave must be refused to prove the execution of the deed and mortgage at the hearing. As it appears, however, the order for taking proofs was entered in time, and notice not given in consequence of solicitor's misapprehension of the practice, he is to be at liberty to enter a new order for taking proofs, at any time within ten days, on paying defendant's costs of opposing the present motion.*

---

* NOTE. Rule 56 has since been amended.